# United States Court of Appeals
## For the First Circuit

No. 18-2228

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, A/K/A COFINA; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,

Debtors.

ATLANTIC MEDICAL CENTER, INC.; CAMUY HEALTH SERVICES, INC.; HOSPITAL GENERAL CASTAÑER, INC.; CIALES PRIMARY HEALTH CARE SERVICES, INC.; COSTA SALUD, INC.; CORPORACIÓN DE SERV. MÉDICOS PRIMARIOS Y PREVENCIÓN DE HATILLO, INC.; CENTRO DE SALUD DE LARES, INC.; CENTRO DE SALUD FAMILIAR DR. JULIO PALMIERI FERRI, INC.; CENTRO DE SERVICIOS PRIMARIOS DE SALUD DE PATILLAS, INC.; RIO GRANDE COMMUNITY HEALTH CENTER, INC.,

Plaintiffs, Appellants,

CORPORACIÓN DE SERVICIOS INTEGRALES DE SALUD DEL AREA DE BARRANQUITAS, COMERÍO, COROZAL, NARANJITO Y OROCOVIS,

Plaintiff,

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO,

Defendant, Appellee.

No. 19-1202

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, A/K/A COFINA; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,

Debtors.

ATLANTIC MEDICAL CENTER, INC.; CAMUY HEALTH SERVICES, INC.; HOSPITAL GENERAL CASTAÑER, INC.; CIALES PRIMARY HEALTH CARE SERVICES, INC.; COSTA SALUD, INC.; CORPORACIÓN DE SERV. MÉDICOS PRIMARIOS Y PREVENCIÓN DE HATILLO, INC.; CENTRO DE SALUD DE LARES, INC.; CENTRO DE SALUD FAMILIAR DR. JULIO PALMIERI FERRI, INC.; CENTRO DE SERVICIOS PRIMARIOS DE SALUD DE PATILLAS, INC.; RIO GRANDE COMMUNITY HEALTH CENTER, INC.,

Plaintiffs,

CORPORACIÓN DE SERVICIOS INTEGRALES DE SALUD DEL AREA DE BARRANQUITAS, COMERÍO, COROZAL, NARANJITO Y OROCOVIS,

Plaintiff, Appellant,

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Laura Taylor Swain,* U.S. District Judge]

Before

Torruella, Lipez, and Thompson,
Circuit Judges.

Nicole M. Bacon, with whom James L. Feldesman, Khatereh S. Ghiladi, and Feldesman Tucker Leifer Fidell LLP were on brief, for appellants Atlantic Medical Center, Inc.; Camuy Health Services, Inc.; Hospital General Castañer, Inc.; Ciales Primary Health Care Services, Inc.; Costa Salud, Inc.; Corporación de Serv. Médicos Primarios y Prevención de Hatillo, Inc.; Centro de Salud de Lares, Inc.; Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc.; Centro de Servicios Primarios de Salud de Patillas, Inc.; Rio Grande Community Health Center, Inc.

John E. Mudd, with whom Law Offices of John E. Mudd was on brief, for appellant Corporación de Servicios Integrales de Salud del Area de Barranquitas, Comerío, Corozal, Naranjito y Orocovis.

Julia D. Alonzo, with whom Timothy W. Mungovan, John E. Roberts, Martin J. Bienenstock, Stephen L. Ratner, Mark D. Harris, Jeffrey W. Levitan, and Proskauer Rose LLP were on brief, for appellee The Financial Oversight and Management Board for Puerto Rico, as Representative for the Commonwealth of Puerto Rico.

March 23, 2020

---

* Of the Southern District of New York, sitting by designation.

**Per curiam**.  Appellants in these consolidated cases are two groups of federally funded community health centers that have been engaged in litigation for nearly two decades in an effort to collect payments from the Commonwealth of Puerto Rico pursuant to federal Medicaid law.  Amidst that ongoing litigation, Congress enacted PROMESA to address the Commonwealth's financial crisis, creating a Financial Oversight and Management Board with the authority to commence a debt restructuring case on behalf of the Commonwealth under Title III of the statute.  See 48 U.S.C. §§ 2121, 2161-2177.  On May 3, 2017, the Board commenced a Title III case.

Appellants saw PROMESA and the Title III case as an obstacle to their longstanding efforts to collect payments from the Commonwealth.  As a result, in late 2017, both groups of health centers filed adversary complaints in the Title III case seeking a declaration that their claims against the Commonwealth are "non-dischargeable under PROMESA" (the "dischargeability claim") and that "those claims may not otherwise be impaired in any manner" (the "impairment claims").[1]  The district court later consolidated their substantially similar complaints.

---

[1] The claims at issue in this case are for retroactive Medicaid-related payments.  The health centers separately have been engaged in litigation seeking what they refer to as "prospective wraparound payments," but those prospective payments are not implicated here.  See Municipality of San Juan v. Puerto Rico, 919 F.3d 565, 571 (1st Cir. 2019).

- 4 -

The Board promptly moved to dismiss the complaints. A magistrate judge heard the motion and recommended that the complaints be dismissed without prejudice as unripe. See Fed. R. Civ. P. 12(b)(1). As an initial matter, the magistrate judge found that "the extent of the Commonwealth's obligation, if any, for the reimbursements demanded . . . has not been finally determined," given that the litigation of the reimbursements remained ongoing outside of the Title III case. The magistrate judge also concluded that the claims were unripe because no proposed plan of adjustment had been filed at the time and, without a proposed plan of adjustment, there was no way to know whether the Commonwealth would seek to impair or discharge any of appellants' claims.

Appellants filed various objections to the magistrate judge's report and recommendation. As relevant here, they argued that the report erroneously concluded that all of their claims for payment were still being litigated when, in fact, certain judgments against the Commonwealth were "final and firm" and other payments were currently due under the federal Medicaid statute.

The district court overruled appellants' objections. Regarding the dischargeability claim, the court explained:

> Even if certain prepetition judgments held by [appellants] are final, the dischargeability question is still unfit for review because it is entirely dependent on a future event that may never occur. Absent the filing of a proposed plan of adjustment, it is unknown whether the Commonwealth will attempt to seek

- 5 -

> discharge of any of [appellants'] claims, and it would be premature for this Court to issue a ruling at this point in the Title III proceedings regarding the dischargeability of those claims.

As for the impairment claim, the court reasoned that even if appellants were entitled to immediate payments under the Medicaid statute,

> their Complaints [did] not allege facts that, even when read in the light most favorable to Plaintiffs, support plausibly a conclusion that PROMESA has caused any impairment of or failure to pay the claims.

In other words, appellants' requests for declaratory relief were not ripe for review because there was no evidence that the Commonwealth would seek to discharge or impair their claims through the Title III proceeding. Thus, the dispositive ground for the district court's dismissal of appellants' complaints was the absence of a proposed plan of adjustment.

After the health centers appealed the district court's decision and the appeal was fully briefed, circumstances materially changed. On September 27, 2019, the Commonwealth filed a proposed plan of adjustment. See Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, Et Al., In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, No. 17-BK-3283-LTS (D.P.R. Sep. 27, 2019), ECF No. 8765. Then, shortly before oral argument, the Commonwealth filed an amended proposed plan of adjustment. See Amended Title III Joint Plan of Adjustment of the Commonwealth

- 6 -

of Puerto Rico, Et Al., In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, No. 17-BK-3283-LTS (D.P.R. Feb. 28, 2020), ECF No. 11946. Appellants report that the amended plan of adjustment and its accompanying disclosure statement propose treating their claims as those of general unsecured creditors, for which the Board estimates a rate of return of approximately 3.9%.

We asked the parties to file supplemental briefs addressing the impact of the proposed plan of adjustment on this appeal. All of the parties seemed to agree that the premise for the district court's decision was the absence of a proposed plan of adjustment, but they disagreed about how the filing of the proposed plan affects that premise. One group of health centers asserted that the case is now ripe in light of the filing of the proposed plan. The other group of health centers renewed their insistence that their claims for declaratory relief were ripe when they were first filed, even in the absence of a proposed plan of adjustment. The Board argued that appellants' claims are still unripe because the proposed plan of adjustment is subject to change -- in other words, the district court was wrong, and appellants' claims will only be ripe when there is a confirmed (as opposed to proposed) plan of adjustment.

Given these conflicting arguments and the fundamental change in the facts of the case since the appeal was first filed and briefed, the appropriate course of action is to remand to the

district court for reconsideration of its ripeness ruling in light of the changed circumstances and any other matters it deems relevant.  In reaching this decision, we express no opinion on whether the district court erred by dismissing the claims as unripe when it did, nor do we decide whether the claims are ripe now.  We also decline to entertain the Board's argument that even if the impairment claim is now ripe, it must be dismissed on the merits in light of our decision in Municipality of San Juan v. Puerto Rico, 919 F.3d 565 (1st Cir. 2019).  That argument was never made before the district court, nor could it have been, given that we had not yet decided San Juan at the time of the district court's ruling.

Accordingly, we **remand** to the district court for reconsideration.  No costs are awarded.